(120 App. Div. 271)

FARMERS' LOAN & TRUST CO. v. BOSTWICK et al.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

PERPETUITIES—SUSPENSION OF ABSOLUTE POWER OF ALIENATION—PERSONAL PROPERTY.

    Where B., by a trust deed, had suspended the absolute ownership of his personal property during the lives of his daughter and her husband, he could not create a further suspension during the life of his widow.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, § 48.]

    Patterson, P. J., and Houghton, J., dissenting.

Appeal from Special Term.

Action by the Farmers' Loan & Trust Company, as trustee against Albert C. Bostwick and others. Impleaded with others. From a

judgment for plaintiff, Albert C. Bostwick and others appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

Egerton L. Winthrop, for appellant Francis.
Richard L. Sweezy, for appellant Bostwick.
Wm. P. Williams, for appellant Cary.
James F. Horan, for respondent Farmers' Loan & Trust Co.
George L. Shearer, for respondent U. S. Trust Co.
W. T. Emmet, for respondent N. Y. Life Ins. & Trust Co.
Ward B. Chamberlin, for respondent Bostwick.
Charles E. Buckingham, guardian ad litem, for respondents A. C. Bostwick, Jr., and others.
Frank L. Polk, guardian ad litem, for respondents Carstairs et al.

SCOTT, J.   The questions presented by this appeal are in general similar to those presented and discussed in the New York Life Insurance & Trust Company as Trustee v. Hamilton W. Cary and Others (herewith decided) 105 N. Y. Supp. 125, and are controlled by the same considerations.   The only difference consists in the fact that by the trust deed in the present case Mr. Bostwick undertakes to extend the trust, and consequently suspend the absolute ownership of the personal property constituting the trust fund during the lives of his daughter, Nellie Bostwick Morrell, and of her husband, Francis L. Morrell, if he should survive her.   Having thus suspended the absolute ownership of the property for the longest period permitted by the statute, it was incompetent to create a further suspension during the lifetime of Mrs. Bostwick.   Therefore, as to the property constituting this trust fund, it must be held that Jabez A. Bostwick died intestate.

The judgment will be modified accordingly, and, as modified, affirmed, with costs in this court to all parties separately appearing, payable out of the fund.

McLAUGHLIN and LAUGHLIN, JJ., concur.  PATTERSON, P. J., and HOUGHTON, J., dissent.